**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0724, <u>In the Matter of Molly Cote and Kenneth Cote</u>, the court on June 19, 2015, issued the following order:**

Having considered the briefs, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The respondent, Kenneth Cote (father), appeals the order of the Circuit Court (<u>Cyr</u>, J.) finding him to be in contempt of court, and the order of the Circuit Court (<u>Rappa</u>, J.) awarding the petitioner, Molly (Cote) Fulton (mother) her costs and attorney's fees. The father argues that the court erred in: (1) failing to make specific findings as to the conduct that constituted contempt and the orders upon which the contempt finding was based; (2) finding him to be in contempt despite "significant good cause shown" for his motion for an emergency hearing; and (3) awarding the mother her costs and attorney's fees when she was not the prevailing party.

The record shows that on or about April 9, 2014, the father moved for an emergency hearing seeking additional parenting time with the parties' child while the father's parents were visiting from Arizona, asserting that he was unable to reach an agreement with the mother on a modified schedule. In addition, the father sought an order requiring the mother to allow the child to use a cell phone while he was with her. The father also asked the court to consider a change in primary residential responsibility for the child, alleging that the mother discouraged contact between the father and the child, contrary to the policy in this state favoring both parents' participation in the child's upbringing.

The mother objected to the father's motion and filed a cross-motion for contempt, asserting that the father, by training the child in the Jehovah Witness faith contrary to the mother's wishes, had violated the trial court's November 14, 2013 order awarding the mother sole decision-making responsibility for the child. The mother also asserted that the father, by moving for an emergency hearing five months after the November 14, 2013 order, was in contempt of the provision in the order prohibiting the parties from requesting a further hearing on parenting rights or child support for a period of nine months except for "significant good cause shown."

The father agreed to continue the hearing on his motion until August 13, 2014, which rendered moot his request for additional parenting time during the period when the child's paternal grandparents were visiting. After the hearing, the court: (1) denied the father's request that the child be allowed to use a cell phone while he was with the mother; (2) denied the mother's request to find the father in contempt for training the child in the Jehovah Witness faith; and (3) denied the father's request to modify the parenting plan. Nevertheless, the court concluded: "There is clear evidence before the court that the [father] has willfully attempted to circumvent court orders and the [father] has expressed that he will continue to do so." The court found the father to be in contempt and awarded the mother her costs and attorney's fees.

On appeal, the father argues that the trial court erred in failing to make specific findings as to the conduct that constituted contempt and the orders upon which its contempt finding was based. In the absence of a party's request, the trial court is generally not obligated to make specific factual findings. Caouette v. Town of New Ipswich, 125 N.H. 547, 558 (1984). We generally assume that the trial court made the findings necessary to support its order. In the Matter of Kosek & Kosek, 151 N.H. 722, 725 (2005). However, in this case, we agree with the father that without more specific findings, it is unclear which orders he willfully violated and what conduct constituted contempt. As a result, the court has not provided the father with direction as to how to avoid contempt findings in the future. See id. at 727 (noting that a civil contempt order is meant to be "remedial, coercive, and for the benefit of the complainant"). Nor is there a basis upon which to determine the amount of attorney's fees incurred by the mother as a result of the father's contumacious conduct. Accordingly, we vacate the court's contempt order, as well as its order approving the mother's requested attorney's fees, and remand for further proceedings consistent with this order.

In light of our decision, we need not address the father's remaining arguments.

Vacated and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**